UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRAXTON COOPER,

    Plaintiff,

v.

D.O.C. JOHN WETZEL, et al.,

    Defendants.

CIVIL ACTION NO. 1:18-cv-00853

(RAMBO, J.)
(SAPORITO, M.J.)

## MEMORANDUM

This matter comes before the Court on a motion by the plaintiff, Braxton Cooper, for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 11).[1] For the reasons stated herein, we will deny the plaintiff's motion and order him to pay the applicable filing and administrative fees in full or face summary dismissal of this action.

I. BACKGROUND

On April 13, 2018, the United States District Court for the Eastern District of Pennsylvania received the plaintiff's *pro se* complaint naming several state corrections officials as defendants. The complaint is rambling

---

[1] We note that the plaintiff has failed to submit his application on the correct form for inmate-plaintiffs. We will consider and deny his application to proceed *in forma pauperis* in any event.

and mostly incoherent, but it appears to assert multiple claims that the named defendants violated the plaintiff's federal civil rights. At the time of filing, Cooper was incarcerated at SCI Huntingdon, located in Huntingdon County, Pennsylvania. On April 19, 2018, the case was transferred from the Eastern District to this Court for disposition.

Although Cooper does not acknowledge it in his IFP motion papers, it is clear from publicly available court records that he is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because he has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. As best as we can make out, he does not allege that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## II. DISCUSSION

The plaintiff is barred from proceeding IFP pursuant to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), and he has failed to demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed.

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this

> section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit has discussed the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g).

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "It is the plaintiff's burden to prove entitlement to IFP status." *Robert v. Walls*, Civil Action No. 11-234, 2011 WL 1599652, at *1 (W.D. Pa. Mar. 14, 2011).

We note that the Eastern District recently addressed this same issue and explicitly found that Cooper is barred from IFP status by the "three strikes rule." *See Cooper v. Williams*, Civil Action No. 16-3963, 2016 WL 4943363, at *3 (E.D. Pa. Sept. 16, 2016) (denying IFP under § 1915(g) and citing *Cooper v. Detention Ctr.*, No. Civ. A. 93-2284 (E.D. Pa. dismissed

June 23, 1993), *Cooper v. Owner Burlington Cty. Hosp.*, No. Civ. A. 92-2422 (D.N.J. dismissed Jan. 3, 1994), and *Cooper v. Hogan*, No. Civ. A. 92-2410 (D.N.J. dismissed June 3, 1992)). For good measure, we have independently conducted a review of publicly available federal court records and confirmed that Cooper has indeed accrued significantly more than three "strikes," barring him from IFP status absent imminent danger of serious physical injury. *See Cooper v. DA Office*, No. 93-1684 (3d Cir. dismissed Nov. 18, 1993) (frivolous); *Cooper v. US Govt*, No. 93-1515 (3d Cir. dismissed Sept. 30, 1993) (frivolous); *Cooper v. Owner Burlington Cty. Hosp.*, No. 3:92-cv-02422 (D.N.J. dismissed Jan. 3, 1994) (failure to state a claim); *Cooper v. Mason Lodge # 45*, No. 2:93-cv-03294, 1993 WL 273998 (E.D. Pa. dismissed July 1, 1993) (frivolous); *Cooper v. Detension Ctr.*, No. 2:93-cv-02284 (E.D. Pa. dismissed June 25, 1993) (frivolous); *Cooper v. United States Gov.*, No. 2:93-cv-02498 (E.D. Pa. dismissed May 14, 1993) (frivolous); *Cooper v. Glouster Cty. Times*, No. 1:92-cv-03923 (D.N.J. dismissed Sept. 16, 1992) (frivolous); *Cooper v. Hogan*, No. 3:92-cv-03922 (D.N.J. dismissed Sept. 15, 1992) (frivolous); *Cooper v. Hogan*, No. 3:92-cv-03921 (D.N.J. dismissed Sept. 14, 1992) (frivolous); *Cooper v. Hogan*, No. 3:92-cv-03078 (D.N.J. dismissed July 23, 1992) (frivolous); *Cooper v.*

*Hogan*, No. 3:92-cv-2410 (D.N.J. dismissed June 3, 1992).[2]

The instant action was filed on April 13, 2018, more than twenty years after Cooper had accrued the most recent of his myriad strikes under 28 U.S.C. § 1915(g). As a result, he is not entitled to proceed without prepayment of fees unless he was "under imminent danger of serious physical injury" at the time of filng. *See* 28 U.S.C. § 1915(g). He has alleged no facts whatsoever to suggest that he was. *See Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) ("[A] prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect.") (internal quotation marks and alterations omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015); *see also Brown v. Lyons*, 977 F. Supp. 2d 475, 483 (E.D. Pa.

---

[2] We note that all of Cooper's "strikes" predate the enactment of the "three strikes rule" as part of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321 (eff. Apr. 26, 1996) (codified at 28 U.S.C. § 1915(g)). The Third Circuit has held that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g)." *Keener v. Pa. Bd. of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997) (per curiam). The Third Circuit has had no occasion to consider this statutory provision with respect to dismissals for failure to state a claim that predated the PLRA, *see id.* at 145 n.2, but this Court has treated pre-enactment dismissals for failure to state a claim as strikes. *See Tabansi v. Wolf*, Civil Action No. 3:15-CV-676, 2015 WL 5695903, at *3 (M.D. Pa. Sept. 23, 2015). In any event, Cooper accrued more than three frivolousness dismissals prior to enactment of the PLRA.

2013) ("When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status.") (citing *Famiglio*, 726 F.3d at 468).

Based on the foregoing, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 11) shall be denied, and the plaintiff shall be ordered to pay the applicable filing and administrative fees in full within thirty days of the date of the accompanying Order or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: July __9__, 2018

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge